ALICE ASHHURST v. ATLANTIC COAST ELECTRIC RAIL-
ROAD COMPANY.

Argued November 8, 1900—Decided February 25, 1901.

Where a rule to show cause is granted at the Circuit, reserving exceptions, this court will not on the hearing of the rule to show cause consider any question that is embraced within the exceptions.

On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON and COLLINS.

For the plaintiff, *Warren Dixon.*

For the defendant, *Flavel McGee.*

The opinion of the court was delivered by

DEPUE, CHIEF JUSTICE.  The plaintiff was injured by fall-
ing into an excavation as she was about to enter a car of the
defendant.  The case resulted in a verdict for the plaintiff
of $10,000 damages, on which the defendant obtained a rule
to show cause.  The rule is in the form following:

"On application of the defendant, the Atlantic Coast Elec-
tric Railroad Company, above named, made within four days
after the trial of said cause at the Circuit, it is, on this thirty-
first day of May, nineteen hundred, on motion of McGee &
Bedle, attorneys of the said defendant,

"Ordered that the plaintiff show cause before the justices
of the Supreme Court at the state house, in the city of Tren-
ton, on the first Tuesday of June next, at the opening of
court on that day, or as soon thereafter as counsel can be
heard, why the verdict entered in the above-entitled cause
should not be set aside and a new trial granted.

"And it is further ordered that the defendant's exceptions
to the refusal of the trial justice at the trial of said cause to
order a nonsuit at the close of the plaintiff's case, and to
direct a verdict for the defendant at the close of the whole
case, when moved so to do by the defendant's counsel, be
and they are hereby reserved."

The practice is entirely settled to the effect that where a
rule to show cause is granted, reserving exceptions, this court
on the hearing of the rule to show cause will not consider any
question that is comprised within the exceptions.  The reason
on which this practice is founded is obvious.  The party
applying for the rule, and the trial court in granting it, de-
signed that the questions raised by the exceptions should be
heard in the Court of Errors and Appeals, and expression
of opinion in this court upon those matters would be nuga-
tory, if adverse to the party holding the bill of exceptions,
and would operate no farther than to disqualify the judges

18     NEW JERSEY SUPREME COURT.

Ashhurst v. Atlantic Coast Elec. R. R. Co.     *66 N. J. L.*

who sit in this court from sitting in the Court of Errors and Appeals on the argument of the writ of error.

The following reasons for a new trial were assigned:

"I. The justice who tried said cause at the Circuit at said trial excluded legal evidence offered by the defendant, and which would have been beneficial to the defendant.

"II. The said justice at said trial admitted illegal evidence against the objection and to the prejudice of the defendant.

"III. The said justice at said trial, and when the plaintiff had closed her case, illegally refused' to order a nonsuit, although duly moved thereto by the defendant.

"IV. The said justice at said trial, at the close of the whole case, illegally refused to order a nonsuit, although duly moved thereto by the defendant.

"V. The said justice at said trial, at the close of the whole case, illegally refused to direct a verdict for the defendant, although duly moved thereto by the defendant.

"VI. No actionable negligence on the part of the defendant was proven at said trial.

"VII. Contributory negligence on plaintiff's behalf sufficient to cause the injury was proven at said trial.

"VIII. The charge of said justice at said trial was contrary to law.

"IX. The verdict of the jury at said trial was contrary to the charge of said justice.

"X. The verdict of the jury at said trial was contrary to the weight of the evidence.

"XI. The verdict of the jury at said trial was contrary to law.

"XII. The damages found by the verdict of the jury at said trial were excessive.

"XIII. The said cause should have been decided in favor of the defendant."

No legal evidence was excluded or illegal evidence admitted. This disposes of the first two reasons. The third, fourth, fifth, sixth, seventh and tenth reasons are struck out. The questions proposed to be raised by those reasons are embraced in the exceptions reserved.

With respect to the remaining reasons: We find no error in law in the charge of the trial judge, unless it was erroneous to submit the case to the jury at all, which is a question comprised in the exceptions. With the same limitation, reasons IX. and XI. are not sustained.

But we think the damages awarded—$10,000—are excessive. There should be a new trial, unless the plaintiff will remit the damages recovered in excess of $7,500.